Common Pleas Court of Hamilton County.

VILLAGE OF WYOMING V. MARY B. WALKER.

(Decided January 2, 1930.)

*Henry B. Street,* for the Village of Wyoming.
*William B. Mente,* for defendant.
*Gatch, McLaughlin & Gatch,* and *Robert P. Kleinmann,*
*amici curiae.*

SHOOK, J.

This cause comes on for hearing on plaintiff's demurrer to the second and third defenses in the third amended answer of defendant.

Plaintiff alleges in its petition that the defendant maintains a barn or garage which encroaches upon the dedicated portion of Glenway avenue in the village of Wyoming and obstructs the highway in violation of the right of the public in the use thereof; that said encroachment by defendant constitutes a nuisance, in violation of G. C. Sec. 13421, wherefore plaintiff prays for an injunction requiring defendant to remove this obstruction.

In the second defense defendant pleads what in effect is an equitable estoppel against the village, in that it alleges that since November 29, 1924, the village has made improvements by way of street surfacing and curbing

and that the said curbing on Glenway avenue at the intersection of Oliver road and Glenway avenue, the general location in question, was fixed by the village and is westwardly of the structure in question.

Further in the second defense the defendant denies that the structure referred to encroaches on Glenway avenue at any point.

For her third defense it is alleged that the structure in question has been in the same location which it now occupies since 1882, and that therefore, the claim of plaintiff if any is barred by the Statute of Limitations.

We find that the authorities in Ohio are in great confusion with reference to whether or not the Statute of Limitations applies as against municipal corporations in the same manner and to the same extent as it relates to natural persons. By the great weight of authority, municipalities are subject to the same rule as the state in the application of Statutes of Limitations; in other words, the statute does not run as against municipalities. We quote from McQuillin on Municipal Corporations, 2d Ed., Vol. 4. The concluding sentence of Section 1400:

"It has been stated also that the 'doctrine of adverse possession does not apply to municipalities or other bodies exercising governmental functions, for the reason that the statute of limitations does not run against the state or any of its instrumentalities so as to prevent the exercise of its proper governmental functions."

A comprehensive review of the Ohio authorities is found in Vol. 1 Ohio Jurisprudence, Sec. 38, p. 536 *et seq.* The following language from the beginning of this section is apropos:

"According to the weight of authority in the courts of this country, municipalities are subject to the same rules as the state in the application of the Statute of Limitations; the statute does not run as against municipalities. The fact that some early cases in Ohio adopted a rule contrary to this weight of authority has caused considerable confusion as to the law of Ohio on this point. In the early cases referred to, the doctrine was definitely an-

nounced that municipal corporations are subject to the operation of the Statute of Limitations in the same manner and to the same extent as natural persons."

We have carefully considered and analyzed the many authorities cited in the briefs of counsel. We have analyzed also all of the authorities collated in the chapter on "adverse possession" in Ohio Jurisprudence, Vol. 1 to which we have just referred. Great stress is placed by counsel for the defendant upon the well considered case of *City of Cincinnati* v. *The First Presbyterian Church,* 8 Ohio, 298, which held that the Statute of Limitations does not run against a municipality in a situation similar to the instant case. We quote with approval the following language on page 538 of 1 Ohio Jurisprudence, *supra:*

"Since these early decisions there has been a great diversity of holding in the courts of Ohio on this question. The elements of an estoppel were present in one of these early cases, and many subsequent cases have said that the early decisions should have been based upon that ground, or that they could with equal propriety have been based upon this ground."

We deem it necessary to cite two recent decisions and will base our conclusions upon the same.

The case of *Joseph* v. *City of Akron,* 19 Ohio App., p. 412 (decided December 23, 1925). The case of *Gallipolis* v. *Gallia County Fair Co.* (decided July 15, 1929), by the Court of Appeals for Gallia county. The motion to certify this case has been overruled by the Supreme Court of Ohio (see Ohio Law Bulletin and Reporter December 30, 1929).

The syllabus in the case of *Joseph* v. *City of Akron* is self-explanatory:

"Where A, acting in absolute good faith, purchases from B a lot embracing within its boundaries a narrow strip of a public alley in a municipal corporation, and the purchase is made in justifiable reliance upon acts of the corporation council and engineer showing the strip to be a part of said lot, and A takes possession of the whole of the lot and constructs a building on a portion of the

strip and remains in the unmolested and uninterrupted possession and occupancy of the whole lot for forty years, said municipal corporation is estopped in equity from claiming that said strip is a part of said alley."

In the case of the *City of Gallipolis* v. *Gallia County Fair Co., supra,* the petition alleges that the defendant's property; Gallia County Fair Grounds, abuts on a public thoroughfare in the city of Gallipolis; that the defendant has for many years encroached upon the road or street by erecting fences, sheds and barns thereon, the defense prayed for a mandatory injunction. The answer was:

1. A general denial and

2. A plea of adverse possession for more than twenty-one years.

A demurrer was sustained to the second defense. We quote from a portion of this opinion:

"The question of just how far the public is barred by limiting statutes from asserting its legal rights to public places is not entirely clear. Some of the earlier cases that applied the statutes of limitations against municipal corporations, for instance, have been in later years criticized by the Supreme and other courts to the extent that their authority is seriously impaired. 1 Ohio Jurisprudence, 536, *et seq.* In this case, however, the possession against the city would have to be tacked to the possession against the township trustees and county commissioners to accomplish the twenty-one year period, and however the rule may be as to municipal corporations we are unaware of any authority stronger or later than *Oxford Township* v. *Columbia,* 38 O. S., 87, that holds that a *quasi* corporation such as township trustees and county commissioners is subject to statutes of limitations in asserting rights to property for which they are trustees, and the Oxford Township case, at least so far as the case at bar is concerned, is avoided by the subsequent case of *Heddleston* v. *Hendricks,* 52 O. S., 460. We say that the Oxford Township case is avoided by the Henderson case rather than overruled because the latter case develops a particular reason why statutes of limitations do not run against encroachment on highways, and that reason is that such encroachments constitute a statutory nuisance by virtue of what is now Section 13421 G. C. It is ar-

gued that the Heddleston case should be limited by the facts thereof and that the letter of that case only determines that the public is not barred by an encroachment fence. The underlying principle, however, is broad enough to cover the facts of the case at bar. If an encroaching fence cannot ripen into a right because the statute denounces the fence as a nuisance, surely an encroachment building similarly denounced by the same statute is likewise a nuisance and as such never ripens into a right. The second defense is not good."

We have not overlooked the argument of counsel for the defendant that in the Gallia County case *supra*, the court says that the possession against the city would have to be tacked to the possession against the township trustees and county commissioners to accomplish the twenty-one year period, etc. However, a careful reading of this opinion shows that the court was laying down the general principle of law to which we adhere, to-wit: adverse possession for more than twenty-one years is not a bar in actions by municipal corporations.

Counsel for plaintiff has called our attention to the recent case of *Ohio Electric Power Co. v. State, ex rel.,* 121 O. S., p. 152 (decided June 12, 1929, Ohio Law Bulletin and Reporter, October 14, 1929). In the contract by and between the city of Norwalk acting through the council of said city, and entered into by and between said city and the Northern Electric Co., originally, the contract provided for the maintenance and erection of poles under the "restrictions and limitations imposed by said city" and contained the express provision that nothing herein contained shall permit the use and so occupy the streets, alleys and other public places after the expiration of this contract, to-wit: August 31, 1915. On page 155 the Supreme Court states in its opinion:

"Under the facts presented by the record the claim of the defendant that by reason of the occupancy of the streets of the city of Norwalk its predecessor obtained a perpetual right to occupy said streets, to which right this defendant has succeeded, cannot be sustained. Under the law as it stood in 1890, when such 20 year franchise was

granted, the partnership could not have acquired such right otherwise than through the municipality itself. Authority was conferred only upon incorporated companies designated by statute to so occupy the streets of a municipality, and then only by conforming to the method of procedure prescribed by statute. Concededly no franchise was ever granted, and no agreement with reference to the use and occupancy of the streets ever entered into, except as hereinbefore stated, and no application was made to or action taken by the probate court under the statute."

Therefore, we do not feel that this opinion applies herein, the foregoing quotation being self-explanatory.

We therefore, come to the following conclusions: The demurrer is overruled as to the second defense, as a municipal corporation as well as a natural person, is bound by the principle of equitable estoppel. Furthermore, it must be borne in mind that a denial is made of any encroachment upon this road, that this creates an issue of fact, affirmed on the one side and denied on the other, as to the existence of what plaintiff terms a nuisance.

2. The demurrer as to the third defense pleading the Statute of Limitations is hereby sustained and is based upon the foregoing recent Ohio decisions which we find to be in harmony with the great weight of authority in this country.